UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Commission Express National, Inc.,

                Plaintiff,            CV-03-4050 (CPS)

    - against -               MEMORANDUM OPINION
                                    AND ORDER
Amitijit Rikhy d/b/a Quik Commission,

                Defendant.

----------------------------------------X

SIFTON, Senior Judge.

    Presently before the Court is Plaintiff Commission Express's motion to hold Defendant Amitijit Rikhy in contempt of court pursuant to Local Rule 83.9 as a result of Rikhy's alleged violation of a consent decree. Commission Express also requests discovery concerning the size of the appropriate compensatory sanction and an award of attorney's fees. For the reasons that follow, the motion is granted. Rikhy is ordered to disgorge all profits earned from transactions in violation of the consent decree. The parties are directed to undertake discovery regarding the size of the compensatory sanction, and Commission Express is directed to file a motion for attorney's fees after the conclusion of that process.

## Background

    The following facts are drawn from the submissions of the parties. They are undisputed except where noted.

Defendant Amitijit Rikhy operates a business known as "Quik Commission." Quik Commission and Commission Express are competitors in the real estate commission advance industry. Both companies provide cash advances to real estate agents who have completed sales but whose commissions are pending.

On August 18, 2003, Commission Express filed a complaint in this Court against Rikhy alleging claims of: 1) conversion; 2) misappropriation of trade secrets; and 3) tortious interference with contract. The complaint alleged that Rikhy had made use of Commission Express's manuals, forms, and advertisements, as well as pricing and marketing strategies. Rikhy had also allegedly made efforts to acquire a copy of Commission Express of New York's (a franchisee of Commission Express) customer list. Commission Express sought compensatory damages in excess of $75,000 and punitive damages in excess of $225,000.

The parties resolved the dispute by final consent decree, which was "so ordered" on December 13, 2004. The consent decree enjoined Rikhy for a period of two years from soliciting or contacting Commission Express of New York's customers. Rikhy represented that he had redrafted certain forms that he used in connection with his business so they the were no longer substantially similar to the forms of Commission Express.[1] Rikhy further represented that he had ceased using forms that were

---

[1] Rikhy stated that he had redrafted the following forms: 1) Application; 2) Secured Sale Agreement (Sales Agent); and 3) Account Receivable Sale and Assignment Agreement (Sales Agent).

substantially similar to any form used by Commission Express.[2] Commission Express consented to the use of certain forms by Rikhy that were attached as an exhibit to the settlement agreement.[3]

According to a declaration by Joseph Giovannelli, Vice-President of Commission Express, Rikhy continues to use certain forms that are substantially similar to those used by Commission Express. Specifically Giovannelli states that Rikhy has solicited customers using a "Quik Commission Certification" and an "Answer Sheet" similar to those used by Commission Express. Rikhy's solicitation also included "testimonials" from satisfied customers. Giovannelli states that these testimonials are from Commission Express of New York customers who Rikhy is enjoined from contacting. Giovannelli states that these forms and testimonials can also be viewed on the Quik Commission website.[4] Also available on the Quik Commission website according to Giovannelli are a "Question and Answer Sheet," which is substantially similar to the Commission Express "Question and

---

[2] The Agreement specifically identifies the following Commission Express Forms that Rikhy would cease to use: 1) Application to Sell Receivable; 2) Master Repurchase and Security Agreement (Broker); 3) Master Repurchase and Security Agreement (Agent); 4) Notice of Assignment (To Settlement Agent by Broker); 5) Notice of Assignment (To Settlement Agent by Agent); 6) Account Receivable Sale and Assignment Agreement (Broker Advance & Holdback to Broker; 7) Account Receivable Sale and Assignment Agreement (Agent: Advance & Holdback to Agent); and 8) Certification.

[3] These forms were titled "Application," "Secured Sales Agreement (Sales Agent)," and "Account Receivable Sale and Assignment Agreement (Sales Agent)."

[4] Rikhy states that, although the use of testimonials was not a subject of the consent decree, he agrees to remove them from his website within "a reasonable period of time."

Answer Sheet."

Rikhy does not dispute these facts. Instead he alleges in an affidavit that Commission Express has intentionally converted funds that were due to him. Rikhy states that on March 2, 2005, one of his clients inadvertently mailed a check for $10,000 payable to Rikhy, to the address of Commission Express of New York. He states that on March 8, 2005, Commission Express of New York deposited that check into their account.

## Discussion

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Meetings & Expositions Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974); *see also S.E.C. v. Credit Bancorp, Ltd.*, 232 F. Supp.2d 260, 264 (S.D.N.Y. 2002). To establish contempt, a movant must show: 1) a clear and unambiguous order; 2) clear and convincing proof of non-compliance; and 3) the contemnor has not diligently attempted to comply in a reasonable manner. *Perez v. Danbury Hosp.*, 347 F.3d 419, 423-24 (2d Cir. 2003).

Rikhy does not dispute that the Quik Commission "Certification" and "Answer Sheet" are substantially similar to those used by Commission Express or that his continued use of them, assuming that use is prohibited, demonstrates a lack of diligence in his efforts to comply with the decree. Instead, Rikhy contends that the decree is not "clear and unambiguous" because it neither mentions the use of an "Answer Sheet" nor

Rikhy's website.

The interpretation of a consent decree is to be discerned within the four corners of the document, and not by resort to parole evidence. *Perez*, 347 F.3d at 424. The forms which Rikhy consented not to use are not confined to those specifically listed in the Consent Decree, but also include forms "substantially similar" to those specifically listed. Since Rikhy does not dispute that his "Certification" is specifically listed in the consent decree and that his "Answer Sheet" is substantially similar to plaintiff's "Question and Answer Sheet," the Consent Decree clearly and unambiguously prohibits Rikhy's use of these documents.

Rikhy argues that posting the form on the internet for download by customers does not constitute a "use" of the form within the meaning of the consent decree. To "use" means in ordinary English "to convert to one's service; to avail oneself of; [or] to employ." WEBSTER'S NEW INTERNATIONAL DICTIONARY (2d ed.). Postings of the forms on the internet for download and mailings to customers meet this definition. The settlement agreement does not exclude the internet from these definitions. There is therefore "a clear and specific command" in the decree that Rikhy has violated. *See Perez*, 347 F.3d at 425.

Accordingly, Commission Express has established by clear and convincing proof that Rikhy is in violation of the consent decree by posting on the internet and mailing to customers the Commission Express "Certification" and "Question and Answer

Sheet."

Remedy

The purposes to be served by the imposition of sanctions after a finding of civil contempt are (1) to coerce future compliance, and (2) to remedy any harm past compliance caused the other party. *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Tech.*, 369 F.3d 645, 657 (2d Cir. 2004). A sanction may be both coercive and compensatory, but some proof of loss or unjust enrichment must be made to justify its compensatory aspects. *See id*.

Compensatory Sanctions

Commission Express concedes that it cannot show actual damages from Rikhy's conduct. Instead it seeks compensatory relief in the amount of any profits Rikhy has derived from the use of its forms in violation of the decree. Injury for the purposes of a compensatory sanction may be shown under a theory of unjust enrichment. *Manhattan Indus., Inc. v. Sweater Bee*, 885 F.2d 1 (2d Cir. 1989). In similar situations, courts award the profits derived by the contemnor through violation of the court order. *Id.* at 6. Accordingly, Commission Express is entitled to any profits Quik Commission derived from transactions involving the forms in question.

Commission Express states that it does not presently have information concerning the number of transactions that Rikhy has engaged in using forms in violation of the consent decree.

Discovery on this issue is appropriate. *See Cancer Research Inst., Inc. v. Cancer Research Soc'y, Inc.*, 744 F. Supp. 526, 531 (S.D.N.Y. 1990).

### Coercive Sanctions

Commission Express argues that the Court should impose additional sanctions on Rikhy to coerce future compliance with the consent decree. In particular, Commission Express requests that the Court enter an Order requiring: 1) Rikhy to be fined $5,000 for each future violation of the consent decree; 2) Rikhy to submit any forms to Commission Express for approval prior to their use; 3) Rikhy to submit an affidavit within thirty days describing his efforts to comply with the consent decree; 4) Rikhy to file an affidavit with the Court every six months for the next three years affirming his compliance with the consent decree; and 5) admonish Rikhy that the Court will consider the efficacy of a conditional jail term if he continues to violate the decree.

A district court has broad discretion in crafting a coercive remedy. *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1062 (2d Cir. 1995). To determine if coercive sanctions are appropriate, a court must balance: 1) the character and magnitude of the threatened harm; 2) the probable effectiveness of any suggested sanction in producing compliance; and 3) the contemnor's financial resources and the burden of the sanction upon him. *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 110 (2d Cir. 1987). The burden is on the contemnor to provide financial

information upon which the burden of a sanction can be evaluated. *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989).

Commission Express contends that the threatened future harm is potential damage to the Commission Express "brand" produced by customer confusion. Neither party has presented evidence or argument concerning the probable effectiveness of any particular coercive sanction or Rikhy's ability to pay a fine or the likelihood that any particular sanction would produce compliance.

I conclude that a coercive sanction is not warranted. First, the argument concerning the danger of damage to the Commission Express "brand" is not persuasive. Although the forms used by Rikhy and Commission Express request similar information, Commission Express has not produced any additional evidence beyond this minimal showing to suggest that customers are likely to confuse the two companies as a result of the use of similar forms. The magnitude of threatened harm is therefore not large. Second, Rikhy has agreed to remove the customer testimonials that Commission Express has objected to from his website. In the absence of any evidence or argument to the contrary, this suggests a likelihood of future compliance with the consent decree. Forcing Rikhy to participate in discovery and to disgorge any profits achieved in connection with his breach of the consent decree together with an award of attorney's fees, including fees related to such discovery as described below, is at this point sufficient to deter future violations.

Attorney's Fees

The parties' "Settlement Agreement and Release" states, "In the event that any party breaches this Agreement or the Final Consent Decree, and should litigation ensue, the prevailing party in that litigation shall be entitled to their costs, including reasonable attorney's fees, from the breaching party, incurred as a result of such breach." Commission Express is therefore entitled to an award of reasonable attorney's fees and costs, and is directed to submit a Rule 54 motion for attorney's fees with the appropriate documentation after the close of discovery concerning the size of the compensatory award.

Rikhy's Check

Rikhy alleges in his response that Commission Express has unlawfully converted a check payable to him, but accidently mailed to Commission Express. Rikhy does not state what significance of this dispute with respect to Commission Express's motion to hold him in contempt. Although a motion for contempt is subject to equitable defenses, *see Brennan v. Nassau County*, 352 F.3d 60, 63 (2d Cir. 2003), Rikhy does not assert a defense of unclean hands.[5] In the absence of any argument suggesting the relevance of this collateral dispute, I conclude that these allegations are more appropriately resolved in an action for

---

[5] I note that "[m]isconduct . . . unrelated to the claim to which it is asserted as a defense, does not constitute unclean hands." *A.H. Emery Co. v. Marcan Prods. Corp.*, 389 F.2d 11, 18 (2d Cir. 1968).

conversion.

## Conclusion

For the foregoing reasons, Commission Express's motion to hold Rikhy in contempt of court is granted. Rikhy is ordered to disgorge profits obtained in connection with his actions in violation of the consent decree. The parties are directed to undertake discovery regarding the size of the compensatory sanction, and Commission Express is directed to file a motion for attorney's fees after the conclusion of that process.

The Clerk is directed to furnish a filed copy of the within to all parties and to the magistrate judge.

       SO ORDERED.

Dated :   Brooklyn, New York

        June 13, 2005

        By: <u>/s/ Charles P. Sifton (electronically signed)</u>
           United States District Judge